*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 20b0004n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: ERICK ETIENNE LAGROUX,

*Debtor*.

_____

ALLCARE MEDICAL SERVICES, LLC,

*Plaintiff-Appellee*,

*v.*

MICHAEL D. BUZULENCIA, Trustee,

*Defendant-Appellant*.

No. 19-8024

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.
No. 4:17-bk-40198; Adv. No. 4:17-ap-17-04045—Arthur I. Harris, Judge.

Decided and Filed: June 19, 2020

Before: BUCHANAN, DALES, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Matthew G. Vansuch, Timothy M. Reardon, BROUSE MCDOWELL LPA,
Canfield, Ohio, for Appellant. Mary K. Whitmer, James W. Ehrman, WHITMER & EHRMAN
LLC, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

BETH A. BUCHANAN, Bankruptcy Appellate Panel Judge. This appeal stems from a
bankruptcy court's determination in a declaratory judgment action that a chapter 7 trustee must

comply with state law and the terms of a limited liability company's operating agreement when seeking to value and sell a debtor's economic interest in the limited liability company. The chapter 7 trustee appears to be concerned on appeal that the bankruptcy court may have held that federal law plays no role in the valuation and sale of the debtor's economic interest in the limited liability company because there is no discussion of the applicability of federal law in the bankruptcy court's decision.

Because the bankruptcy court expressly deferred specific determinations relating to valuation to a later date, there is no justiciable issue before the Panel. As such, this appeal is dismissed for lack of jurisdiction.

## BACKGROUND

Prior to filing his chapter 7 bankruptcy petition, Debtor Erick Etienne LaGroux ("LaGroux") had been a member of an Ohio limited liability company, AllCare Medical Services, LLC ("AllCare"). After the bankruptcy filing, Plaintiff-Appellee AllCare filed an adversary complaint requesting declaratory and injunctive relief against various defendants, including the chapter 7 trustee appointed in LaGroux's underlying bankruptcy case, Appellant Michael D. Buzulencia ("Trustee"). AllCare dismissed its claims against all other defendants except the Trustee prior to the trial held on March 29, 2019 and June 19, 2019.

In its complaint, AllCare sought a declaratory judgment that (1) LaGroux withdrew from AllCare prior to filing for bankruptcy, (2) Ohio law and AllCare's operating agreement control LaGroux's estate's interest in AllCare, and the Trustee must comply with the buyout and first-refusal provisions of the operating agreement, and (3) AllCare owns the eight domain names LaGroux purchased on behalf of AllCare. (Memorandum of Opinion ("Mem. of Op.") at 1–2, *AllCare Medical Servs., LLC v. LaGroux*, Adv. No. 17-4045 (Bankr. N.D. Ohio) ECF No. 160).

Following the trial, the bankruptcy court entered its Memorandum of Opinion and Judgment determining that:

> (1) LaGroux's bankruptcy estate only has an economic interest in AllCare because LaGroux withdrew from AllCare prior to filing for bankruptcy, (2) Ohio law and the operating agreement control LaGroux's estate's interest in AllCare, and the [T]rustee must comply with the terms of Ohio law and the operating

agreement regarding valuation and sale, and (3) LaGroux's estate has only a bare legal interest in the eight domain names.

(Mem. of Op. at 2; Judgment at 1–2, *AllCare Medical Servs., LLC v. LaGroux*, Adv. No. 17-4045 (Bankr. N.D. Ohio) ECF No. 161).

## STATEMENT OF ISSUE

The Trustee identifies one issue on appeal: "Does federal law apply to the determination of the value of a Bankruptcy Estate's economic interest in an Ohio limited-liability company in addition to the limited-liability company's operating agreement and Ohio [law]?" (Brief of Appellant-Trustee ("Appellant's Br.") at 3, BAP No. 19-8024, ECF No. 14).

## DISCUSSION

On appeal, the Trustee "is not challenging any of the bankruptcy court's findings of fact." (Appellant's Br. at 3). The Trustee also does not challenge the bankruptcy court's determination that the bankruptcy estate includes only LaGroux's economic interest in AllCare (Appellant's Br. at 13) or the bankruptcy court's conclusion regarding the domain names (Appellant's Br. at 4). And the Trustee does not completely disagree with the bankruptcy court's conclusion regarding the applicability of Ohio law and the terms of AllCare's operating agreement on the issues of valuation and sale of LaGroux's estate's interest in AllCare. Rather, he asks this Panel to opine on an issue that the bankruptcy court expressly deferred for a later determination—namely, matters pertaining to the valuation of the estate's economic interest in AllCare. That we cannot do.

The Trustee summarizes his argument on appeal as follows: "To the extent that the bankruptcy court has held that federal law does not apply, and should not apply, to questions surrounding the valuation of the Estate's economic interest and the Trustee's efforts to maximize the benefit for the Estate, the bankruptcy court erred." (Appellant's Br. at 12). The Trustee presumes that the bankruptcy court rejected his argument that federal law—in addition to the operating agreement and state law—is applicable to the determination of the value of the estate's economic interest in AllCare because the bankruptcy court did not discuss how federal law may apply to valuation. (Appellant's Br. at 11). He fears that the bankruptcy court's failure to

address how federal law may impact valuation of the estate's interest in AllCare may give AllCare and the remaining member "free reign to ignore federal law." (Appellant's Br. at 16-17). As a result, the Trustee worries that if he seeks to sell the estate's economic interest in AllCare, AllCare or the remaining members "could contend that the Trustee may not avail himself of the Bankruptcy Code's benefits," such as "the appreciation in value of the Estate's economic interest and the ability to recover fair-market value for the Estate, even if that means selling the interest to someone other than an existing member." (Appellant's Br. at 17).

As the Trustee himself acknowledges, however, "the bankruptcy court specifically deferred any such questions to a later date." (Appellant's Br. at 17). In its opinion, the bankruptcy court notes that AllCare did not ask the bankruptcy court to determine the value of the bankruptcy estate's interest in AllCare, nor did the Trustee seek any affirmative relief in the adversary proceeding on the issue of valuation. (Mem. of Op. at 19). As such, the bankruptcy court limited its judgment to the requests for declaratory relief that were before the court.

The bankruptcy court did not determine the applicability or inapplicability of federal law on valuation. Rather, the only determination that the bankruptcy court made was that Ohio law and the operating agreement control the extent of the estate's interest in AllCare.[1] Any deeper analysis of the estate's rights beyond this general proposition were expressly deferred to a later date when valuation will be directly at issue.

A federal court, including an appellate court, "may only address a litigant's claim when there is an actual case or controversy in existence." *George Fischer Foundry Sys., Inc. v. Hottinger*, 55 F.3d 1206, 1210 (6th Cir. 1995).

> This jurisdictional prerequisite is firmly rooted in the United States Constitution which provides, in pertinent part, that "[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United

---

[1]The bankruptcy court's determination follows the basic tenet that state law defines a debtor's interest in property. *Town Center Flats, LLC. v. ECP Commercial II LLC* (*In re Town Center Flats, LLC*), 855 F.3d 721, 724 (6th Cir. 2017) (citing *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979), and noting that the use of state law to define property rights promotes the "'uniform treatment of property interests by both state and federal courts'" and serves to "'reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy'"). Once property rights are determined under state law, federal bankruptcy law dictates the extent to which the debtor's interest becomes property of the estate. *Id.*

States, and Treaties . . . [and] to Controversies . . . ."  U.S. Const., Art. III, sec. 2, cl. 1.  This case or controversy requirement prevents federal courts from rendering advisory opinions or considering hypothetical or abstract questions.  *Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 24 L.Ed.2d 214 (1969); see also *U.S. Nat. Bank of Oregon v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 446, 113 S. Ct. 2173, 124 L.Ed.2d 402 (1993); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 597 (6th Cir. 2002); *Strand*, 252 F.3d at 812–13.

*Sankyo Corp. v. Nakamura Trading Corp.*, 139 F. App'x 648, 650 (6th Cir. 2005).

If the Panel were to address the allegation of error raised by the Trustee on appeal, "we would surely be rendering an advisory opinion, which federal courts are not empowered to issue."  *McKinney v. Gannett Co., Inc.*, 694 F.2d 1240, 1247 (10th Cir. 1982); *see also In re Post-Newsweek Stations, Michigan, Inc.*, 722 F.2d 325, 328 (6th Cir. 1983) ("It is settled doctrine that we do not render advisory opinions.").  The questions raised by the Trustee regarding the application of federal law to the determination of value can be addressed when and if the Trustee seeks to sell the estate's economic interest in AllCare.  Until such time, there is no ruling for this Panel to review.  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 582 (6th Cir. 2008) ("As a rule, we do not allow litigation on premature claims to ensure that courts litigate 'only existing, substantial controversies, not hypothetical questions or possibilities.'") (quoting *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989)).

## CONCLUSION

"It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies. . . . A justiciable controversy is distinguished from a difference or dispute of a hypothetical character or from one that is academic."  *Norvell v. Sangre de Cristo Dev. Co., Inc.*, 519 F.2d 370, 375 (10th Cir. 1975).  The issue presented on appeal by the Trustee is hypothetical and premature given that the bankruptcy court has yet to address the applicability of federal law to the valuation of the estate's economic interest in AllCare.  Accordingly, this appeal is dismissed for lack of jurisdiction.